FEDERAL PAVING COMPANY ET AL. *v.* RASCHKA ET AL.

[No. 11,739.    Filed December 4, 1923.    Rehearing denied March
13, 1924.    Transfer denied January 28, 1925.]

HIGHWAYS.—*Contractor's bond, under the State Highway Com-
mission Act, covers horse feed furnished to a subcontractor.*—
Under §18 of the State Highway Commission Act (Acts 1919
p. 128, §7671a2 Burns' Supp. 1921), a contractor's bond is
required to provide for the payment by the contractor and by
all subcontractors of all indebtedness "on account of any labor
performed or materials furnished in the construction of such
highway," and feed furnished for the horses used in the con-
struction work by a subcontractor is covered by the bond.

From Lake Circuit Court; *E. Miles Norton,* Judge.

Action by William Raschka against the Federal Pav-
ing Company and others. From a judgment for plain-
tiff, the defendant Federal Paving Company and others
appeal. *Affirmed.*

*Albert Sabath* and *Henry F. McCracken,* for appel-
lants.

*Otto J. Bruce, Roscoe E. Peddicord* and *Foster Bruce,*
for appellee.

NICHOLS, J.—Action by appellee Raschka against ap-
pellants and appellees Maxwell and Clubine to recover
for horse feed alleged to have been furnished appellees
Maxwell and Clubine. Appellant Federal Paving Com-
pany was the general contractor in a road contract
under the provisions of the State Highway Commis-
sion law. Appellant Fidelity Company was the surety
upon the paving company's bond. Appellee Clubine
was a subcontractor under the paving company by its
contract with him to do the grading upon the road in-
volved in the contract, and appellee Maxwell was a
bondsman for Clubine.

The action was in two paragraphs, the first seeking
to recover against appellees Maxwell and Clubine as
purchasers of the horse feed furnished and against the

paving company and its surety on the bond, and the second paragraph seeking to recover against all of the defendants as original purchasers. Appellant Fidelity Company's demurrer to the first paragraph of complaint was overruled. After issues were formed, there was a trial by the court which resulted in a judgment in favor of appellee Raschka and against appellants and appellees Clubine and Maxwell on the first paragraph of complaint for $1,713.61.

The substantial error presented is the action of the court in overruling the demurrer to the complaint, and in overruling appellants' separate motions for a new trial the reasons for which that we need to consider being that the decision of the court is not sustained by sufficient evidence, that it is contrary to law, and that the assessment of the amount of recovery is too large.

Appellants' contention is that the horse feed purchased by the subcontractor and consumed by the horses belonging to him while engaged in the work covered by the contract is not such material used in the construction of the road as will make the principal contractor and its surety liable on the bond here involved. Section 18 of the Highway Commission Act, Acts 1919 p. 128, being §7671a2 Burns' Supp. 1921, provides with reference to the bond that it shall be "conditioned upon the faithful performance of the work in accordance with the profile, plans and specifications therein set forth, and conditioned also upon the payment by the contractor and by all sub-contractors for all labor performed or materials furnished in the construction of the highway," and "for the payment by the contractor and by all sub-contractors of all indebtedness which may accrue to any person, firm or corporation on account of any labor performed or materials furnished in the construction of such highway." The form of the bond

to be used is contained in this section, in which it is conditioned that the contractor "shall pay all lawful claims of sub-contractors, materialmen and laborers, for labor performed and materials furnished in the carrying forward, performing and completing of said contract. * * *" The form of the bond used with the contract here involved is identical with the form set out in §18, *supra.*

In *Title Guaranty, etc., Co.* v. *State, ex rel.* (1915), 61 Ind. App. 268, 110 N. E. 237, 111 N. E. 19, the action involved the payment of claims for labor and materials furnished by divers persons to the contractor which claims had been transferred to appellee bank. The proceeding was under what is commonly known as the "Three Mile Road Law," and a condition in the bond provided, among other things, that the contractors shall "promptly pay all debts incurred by them in the prosecution of said work, including labor and materials furnished and for boarding of laborers thereon." The court, on p. 279, says: "The purpose as expressed by the bond is to secure the payment of debts incurred in the prosecution of the work. Among such debts are those growing out of labor performed and material furnished. But if there are other debts, regardless of their nature or origin, that sustain such an intimate, immediate and exclusive relation to the building of the road that it may be said that such debts were incurred in the prosecution of that work, they are covered by the provisions of the bond literally interpreted."

It will be observed that the provision in the bond above involved is that the contractors shall pay for all lawful claims of subcontractors, materialmen and laborers, for labor performed and material furnished in *carrying forward, performing and completing of said contract.* It appears by the evidence that the horses were kept at camps in a big tent near the Lincoln High-

Sullivan State Bank *v.* First Nat. Bank—82 Ind. App. 419.

way that was then being improved, and that the feed, the payment for which is here involved, was furnished and used for the horses at these camps.   It is apparent that such feed was material furnished for the purpose of carrying forward, performing and completing the contract and that, as such, it is clearly covered by the conditions of the bond.   This is the substantial question presented by the court's action in overruling the demurrer to the complaint and in overruling the motion for a new trial.   We hold that the complaint states a cause of action and that the motion for a new trial was properly overruled.

Judgment affirmed.

McMahan, J., not participating.