## LONDON & LANCASHIRE INDEMNITY COMPANY *v.* STATE, Use of International Harvester Company.

*Road Contractor's Bond—Labor and Materials.*

The carriage by truck, under employment by a road contractor, of sand and gravel from the seller's yard to places on the road under contract, and of material and equipment from point to point on the job, was either labor or material, within Code, art. 91, sec. 30, providing that obligors on the bond of a contractor for work under the state roads law should bind themselves to the payment of debts for labor and material, and within a bond given pursuant to that statute.

*Decided June 9th, 1927.*

Appeal from the Superior Court of Baltimore City (Dawkins, J.).

Action by the State of Maryland, for the use of the International Harvester Company of America, assignee of Frank R. Hammond, against the London & Lancashire Indemnity Company of America. From a judgment for plaintiff, defendant appeals. Affirmed.

The cause was argued before BOND, C. J., URNER, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Forrest Bramble* and *William R. Semans,* for the appellant.

*John H. Hessey,* with whom was *George W. S. Musgrave* on the brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

This is an appeal from the Superior Court of Baltimore on a judgment in favor of the appellee, the only exception being to the granting of the appellee's two prayers and to the rejection of the appellant's five prayers. A contract was entered into by the State of Maryland, through the State Roads Commission, and the Patapsco Engineering and Contracting Company of Baltimore City, for the improvement by the latter of 1.31 miles of road in Montgomery County, near Washington, D. C. On the same day the contractor, as principal, gave its bond, with the appellant as surety, whereby it was stipulated that the contractor "shall well and truly pay all and every person furnishing material or performing labor in and about the construction of said roadway, all and every sum or sums of money due him, them or any of them, for such labor and materials for which the contractor is liable." In pursuance of its contract, the contractor bought the sand and gravel from the Smoot Sand and Gravel Company, whose yard was at Washington, D. C., and in order to get the sand and gravel where it was required on the work, the contractor engaged Frank R. Hammond to haul the same by his trucks and his employees from the Smoot yards to the road under contract, and there dump it at the places designated by the contractor's foreman. For this service the contractor agreed to pay Hammond eighty cents per ton. In addition to this, Hammond was also engaged to transport forms and material from point to point on the job, for which he was to receive $2.50 per hour.

It is provided by chapter 721 of the Acts of 1910, now

section 30, article 91, of the Code, that "in no case shall any bond be approved or accepted unless the obligators bind themselves therein to the payment of all just debts for labor and material incurred by the bidder in the construction and improvement of the road contracted for," which was declared valid in *Amer. Fidelity Co. v. State,* 128 Md. 50, wherein the right of a third party to recover for an indebtedness of a contractor for labor and materials furnished was sustained. The only question in this case is whether the hauling and trucking done by the appellee's assignor was either labor or materials within the meaning of the statute. The appellant relies upon the construction usually made by the courts in mechanics' lien cases, and contends that, because claims for hauling materials have generally been disallowed in such cases, the appellee's claims here should have been disallowed. The appellee argues that this is the view of this Court, and relies upon the case of *State v. National Surety Company,* 148 Md. 221, wherein several mechanics' lien cases were cited in support of the Court's opinion. The cases there cited were applicable to the facts in that case, but there was no intimation that this Court, in a case such as is before us, would be limited to the construction placed on claims for mechanics' liens. This Court has indicated in *Amer. Fidelity Co. v. State,* 135 Md. 335, that claims for hauling do come within the statute. In *Amer. Surety Co. v. Lawrenceville Cement Co.,* 110 Fed. Rep. 719, expressly approved in *Title Guaranty & Trust Co. v. Crane Co.,* 219 U. S. 24, the court said: "The underlying equity of the lien statutes relates to a direct addition to the substance of the subject matter of the building or other thing to which the lien attaches, while the statute in question concerns every approximate relation of the contractor to that which he has contracted to do. Plainly the Act of Congress and the bond in the case at bar are susceptible of a more liberal construction than the lien statutes referred to, and they should receive it." And in *Hill v. Amer. Surety Co.,* 200 U. S. 203, it is said: "We must not overlook, in construing this obligation, the manifest purpose of the statute to require that labor and materials actually con-

tributed to the construction of the public building shall be paid for and to provide security to that end."

The appellant also contends that claims under the statute quoted, for hauling by drays, carts and trucks, are in the same category as claims for transportation by rail or water, such as have frequently been disallowed against contractors on public construction work. The distinction, as we see it, is very clearly expressed in *Amer. Surety Co. v. Lawrenceville Cement Co., supra,* where, at page 721, the court said: "In cases of transportation by a carrier from distant points, or indeed from another point than the point at which the contractor's work is being done, the carrier would not ordinarily be protected by the statutory bond, for two reasons: First, transportation for considerable distances in the regular course by the ordinary lines of steam, sail or rail, cannot easily be brought within the words of the statute, 'supplying labor or materials'; and, second, inasmuch as carriage of that character, especially under an ordinary bill of lading or its equivalent, creates a well recognized lien for freight, the equitable rule would apply that a carrier, under such circumstances, cannot give up his cargo and enforce his claim against a mere surety, after he has so placed himself that the surety cannot be subrogated to the security which the law gave. The first objection, however, does not necessarily apply to truckmen who are moving materials from a place of landing to the exact locality of the work under contract, although the distance may be somewhat considerable, nor to water borne transportation carried on by the servants of the contractor, or for short distances without the aid of steam or a fully equipped vessel. The second objection, moreover, must not be carried to an extreme, otherwise it would defeat the practical operation of the statute." See also *Franzen v. Southern Surety Co.,* 35 Wyo. 15, 46 A. L. R. 496.

It is our opinion that the claims of the appellee for the transportation or hauling of materials and equipment from place to place on the job, and the hauling by truck of sand and gravel from the yards at Washington to the places on the work from time to time indicated by the contractor's fore-

men, are within the statute and the bond executed in conformity with the statute and sued on in this case.

In view of what we have said, the appellee's two prayers were properly granted and the appellant's prayers, all of which asked for directed verdicts, were properly refused.

*Judgment affirmed, with costs.*