GEORGE T. MILLER CONSTRUCTION COMPANY ET AL. *v.* STANDARD OIL COMPANY.

[No. 26,332.  Filed May 18, 1933.  Rehearing denied November 2, 1933.]

*Slaymaker, Merrell, Ward & Locke, Ray Adney,* and *Hugh E. Reynolds,* for appellants.

*Walter R. Arnold,* for appellee.

FANSLER, J.—The appelleee brought this action against the George T. Miller Construction Company, as principal, and the Federal Surety Company, as surety, upon a bond given to the State of Indiana by said Construction Company to secure the faithful performance of a contract for the construction of a State Highway. The bond was for the payment of all lawful claims of sub-contractors, materialmen and laborers, for labor performed and materials furnished in carrying forward the work.

The appellee furnished gasoline and oil to the contractor during the progress of the work, and this action against the appellants is to recover therefor. There was an answer in general denial and a cross-complaint by the surety company alleging suretyship.

There was a trial by the court and special findings

of fact and conclusions of law. The only assigned error presented is that the court erred in its conclusions of law. In addition to the formal facts alleged in the complaint as to the character of the parties, their relationship to each other, the execution of the bond, and the completion and acceptance of the work, the court found that during the progress of the work the appellee sold, furnished and delivered to the contractor certain materials consisting of gasoline, kerosene, oils, greases, and paving materials, amounting in value to $5,410.08; that of that amount $2,423.65 was for gasoline and oil delivered at three different pumps located upon grounds leased by the contractor and known as depot grounds, one being at Plymouth, one at Argos, and one at Rochester, which grounds were used for the purpose of receiving and dispensing materials for use in the construction of the road; that the pumps were connected with under-ground tanks into which the gasoline was delivered; that the contractor employed sixty-five or more gasoline propelled trucks operated by independent owners; that these trucks were engaged in transporting road material, consisting of sand, gravel, cement, et cetera, for use in the construction of the highway; that by agreement with the owners of the trucks, the contractor was to supply them with gasoline and oil for fuel and lubrication from supplies in the tanks and pumps at the depots above referred to, and was to deduct the value of the fuel from the amount due for hauling, computed upon a load or yardage basis. The price charged for the fuel was slightly in excess of that paid the appellee. The drivers of the trucks receipted for fuel and oil when delivered to them in terms of the dollar value; that material of the value of $2,986.43 was delivered to foremen and employees of the contractor to be used by them in the operation of cement-mixers, graders, and other machinery used in

the construction of the highway; that of the gasoline delivered to the pumps all, except ten gallons, of the value of $1.91, was used in hauling material in the construction of the road; and that of the material delivered to the foremen all, but twenty gallons, of the value of $3.82, was used in operating machinery and equipment. After deducting certain credits due and the amount not used on the highway, there was a finding that there was due the appellee a balance of $5,237.34.

Upon these findings, conclusions of law were stated to the effect that the appellee was entitled to recover the entire amount, and for judgment primarily against the contractor, and secondarily against the surety accordingly.

It is contended by the appellant Surety Company that gasoline and oil used in the construction of the highway, and actually consumed therein as fuel for trucks, machinery, et cetera, does not come within the terms of the statutory bond. Such material furnished for use in, and used and consumed in, the construction of the highway is covered by the bond. *Federal Paving Co. et al.* v. *Raschka et al.* (1924), 82 Ind. App. 416, 141 N. E. 644.

It is also contended that as to the gasoline and oil used in the trucks, the contractor became an independent dealer in oil and gasoline, and that this oil was purchased by him in his capacity as a dealer in oil and gasoline and not as contractor for the construction of the highway, and that, therefore, such gasoline and oil were not materials furnished or used in the construction of the highway.

The court found that such gasoline and oil, except ten gallons, were actually used in hauling material used in the construction of the highway. It was delivered by appellee to the material depots maintained and used for the collection and disburse-

ment of material in the construction of the highway. The trucks which were to haul the material might have been owned by the contractor, or rented and operated by him with his own drivers, or operated by their owners, as the court here found they were, on a load price agreement. Under appellants' contention, the gasoline and oil furnished for them would be material going into the road in the first two instances and not in the last, and still it seems clear that if it was consumed in the construction of the road in the one instance, it was in the other. In effect, the contractor's agreement with the truck owners was that he would furnish the gasoline and pay them a given price per load for hauling, less the cost of the gasoline. A small advance in price at which it was furnished to the trucks must not necessarily be treated as profit, since there must have been some expense in handling the fuel. It is as though the contractor had agreed to furnish the gasoline and drivers for the trucks and pay the truck owner a fixed price per load, less the cost of the gasoline and the pay of the drivers. It would hardly be urged in such a case that the drivers' wages unpaid would not come within the bond. The contractor was not engaging in the business of merchandising gasoline and oil. It appears that he never collected for either. He merely took credit as a deduction from the amounts due the truck operators for hauling. The surety would have been liable for all unpaid hauling charges. The effect of the contract with the truck owners was that the contractor was to furnish the gasoline; the truck owner the trucks and drivers. The value of hauling a truck load of material was fixed, and the contractor was to pay that amount less the cost of the gasoline involved.

The appellee was not required to inform itself as to the ownership of the trucks, or as to the arrangement between the contractor and their owner for their use.

If it furnished gasoline and oil at the material depots and it was consumed in the construction of the highway, it is protected by the bond. *Eagle Oil Co.* v. *Altman et al.* (1928), 129 Okla. 98, 263 Pac. 666.

Judgment affirmed.