MIDDLE WEST ROADS COMPANY ET AL. *v.* THE GRADMONT HAULAGE COMPANY.

[No. 15,342. Filed April 13, 1937.]

*Noel, Hickam, Boyd & Armstrong,* for appellants.

*Fred Dobbyn* and *Padgett & Rogers,* for appellee.

DUDINE, J.—This suit was instituted by appellee against appellant Middle West Roads Company as principal, and appellant United States Fidelity and Guaranty Company as surety, upon a bond given to the Indiana State Highway Commission by said Middle West Roads Company to secure the faithful perform-

ance of a contract for the construction of a state highway.

The complaint was in one paragraph. Appellants filed a demurrer to the complaint, which demurrer was overruled, and thereafter appellants filed an answer in general denial. The cause was submitted to the court for trial without a jury, and the court found for appellee and against appellants and rendered judgment accordingly. Appellants filed a motion for new trial, which was overruled, and thereafter appellants effected this appeal, assigning as error relied upon for reversal, (1) error in overruling the demurrer to the complaint, (2) error in overruling the motion for new trial.

The complaint alleged that appellant Middle West Roads Company entered into contract with the Indiana State Highway Commission for the construction of a certain highway; that said appellant furnished and the State Highway Commission accepted a bond executed by said appellant as principal, and by appellant United States Fidelity and Guaranty Company as surety, which was conditioned as follows:

". . . Now, if the said Middle West Roads Company shall well and faithfully do and perform the things agreed by them to be done, performed according to the terms of said contract, and shall pay all lawful claims of subcontractors, material men and laborers, for *labor performed and materials furnished* in the carrying forward, performing and completing of said contract, we agreeing and assenting that this undertaking shall be for the benefit of any material men or laborers having just claim, as well as for the obligee herein, then this obligation shall be void, otherwise the same shall remain in full force and effect; . . ." (Our italics.)

The complaint alleged further that said Middle West Roads Company, by written contract, sub-let to one H. K. Lehmer that part of the contract which provided for the grading and shaping of the roadway before the

pavement was laid, and the finishing of the earth shoulders and side ditches; that said H. K. Lehmer employed appellee "to haul dirt to be used in constructing said grades and shoulders of said project;" that under said contract of employment appellee "agreed to furnish sufficient men and trucks to haul all dirt . . .;" and said H. K. Lehmer "agreed to pay . . . appellee for such work done the sum of $2.10 per hour for each driver and truck;" that appellee "pursuant to its contract of employment by said H. K. Lehmer, with its trucks performed labor in the construction of said project in this that it did furnish drivers and trucks who hauled dirt to be used and which was used in the construction of the grades and shoulders of said project" to the extent of eight hundred ninety-one and three-quarter hours.

In support of the alleged error in overruling the demurrer to the complaint appellants contend that "the complaint lumps together, so the same can not be separated, the value of the labor of the truck drivers which can be recovered under the bond, with the value of the use of the trucks for which the bond is not liable . . . (and therefore) appellee can recover neither." Appellants further contend that recovery can not be had under the bond for the use of the trucks because it is neither "labor performed" nor "materials furnished" within the meaning of said terms as used in said bond pursuant to Sec. 8285 Burns 1926, which required the State Highway Commission to demand such bond.

The Ohio Supreme Court in *Metropolitan Casualty Insurance Company of New York* v. *Elwood M. Dill* (1931), 124 Oh. State 536, 180 N. E. 47, 79 A. L. R. 1249, considered that question with reference to a statutory bond required of state highway contractors by the statutes of that state, which bond was similar to the statutory bond involved here. With reference to that question the court said (p. 540) :

"The agreement with Burroughs was that Dill was to furnish two trucks, with drivers for each truck, for which a charge was to be made of $2.50 per each hour the trucks were used, and the trucks were to haul dirt from place to place on this particular highway job, and that Dill was to pay for the maintenance of the trucks and for all gasoline and oil required to operate the same. The ultimate object and purpose to be attained by the agreement upon the part of Burroughs, the chief contractor, was the transportation, by truck, of dirt from one place to another, as might be required in the construction of this road and fulfillment of his contract. Dill on his part was required to furnish the trucks and the drivers, to keep the trucks in repair, and to furnish all gasoline and oil, and in consideration of so doing he was to receive the compensation of $2.50 per hour per truck, so long as the same and their drivers operated in the discharge of the service required by the terms of the contract, to-wit, the transportation of dirt from one point to another.

"If the transportation of this dirt required labor which employed a bucket and spade, or a wheelbarrow, or even a horse and wagon, with men to carry the bucket or push the wheelbarrow or drive the team, fill and empty the wagon, we do not believe that it would be contended that the accomplishment of the purpose of transportation of dirt from one point to another, by such means, would be otherwise considered than "labor performed." The fact that the man on the truck accomplishes the purpose in a more efficient manner, in less time, than the man with the bucket, the wheelbarrow, or the horse and wagon, makes it no less 'labor performed.' The statute is no less applicable because there have been developed more efficient and speedier methods of accomplishing results, as evidenced by many examples that might illustrate progress in this mechanical age."

The court in that case affirmed a judgment against the surety covering the value of the use of the trucks.

The author of the annotation on that subject in 79 A. L. R. 1254 says, with reference to that case, that the

conclusion reached is in accord with most of the authorities.

We think the argument of that court which we have quoted is applicable here.

The ultimate object and purpose to be attained by the agreement between Lehmer and appellee in the instant case was the transportation by trucks, of dirt, as required in the construction of the highway, and as required by the contract between the Middle West Roads Company and the State Highway Commission.

Appellants rely upon decisions that claims for rental of machinery which are used in construction work do not come within the purview of mechanics' lien statutes. See *Potter Mfg. Co.* v. *A. B. Meyer & Co.* (1909), 171 Ind. 513, 86 N. E. 837, as authority for holding that a claim for the value of the use of the trucks in the instant case, is not recoverable under the statutory bond. The underlying equity of a mechanics' lien relates to a direct addition to the substance of the thing to which the lien attaches, while the general purpose of the statutory bond here involved is to protect all persons who supply labor or materials which "go into" the construction of the highway, regardless of whether it becomes a physical part of the highway or not. The bond is provided for their benefit in lieu of the benefits of a mechanic's lien. Therefore such cases are not applicable.

We hold that the statutory bond covered the value of the use of the trucks in hauling said dirt. See *Fulghum* v. *State ex rel. Merrit* (1926), 92 Fla. 662, 109 So. 644; *London and Lan. Indemnity Co. of Amer.* v. *State et al.* (1927), (Md.), 138 Atl. 231. See *Smiley* v. *State ex rel.* (1916), 60 Ind. App. 50, 110 N. E. 222, where it was held that the surety on a highway construction bond was liable for hauling tools to the place of work.

If we are correct in that conclusion it is not neces-

sary that we discuss appellants' said contention further.

What we have said disposes of all questions presented under the alleged error in overruling the motion for new trial.

No reversible error having been shown, the judgment is affirmed.