STATE EX REL. LAWSON *v.* WARREN BROTHERS ROADS COMPANY ET AL.

[No. 17,302.   Filed March 12, 1945.]

*Robert L. Smith* and *James J. Moran,* both of Portland, for appellant.

*Barnes, Hickam, Pantzer & Boyd,* and *Floyd W. Burns,* all of Indianapolis, for appellees.

CRUMPACKER, J.—The appellant was the plaintiff below. A demurrer to his amended complaint was sustained and, upon his refusal to plead over, judgment was entered accordingly and this appeal followed. The appellant's assignment of errors is as follows: "(1) The court erred in sustaining appellees' demurrer to appellant's amended complaint. (2) The court erred in rendering judgment against the appellant and in favor of the appellees, that appellant take nothing by his amended complaint as against the demurrer of the appellees and that appellees recover their costs of and from the appellant."

The second assignment presents no question. If the pleader, against whom the ruling on a demurrer goes, elects to stand on the pleadings, judgment follows such ruling as a matter of course and if there is error involved it lies in sustaining or overruling the demurrer, as the case may be.

The appellant's amended complaint alleges in sub-

stance that on June 18, 1940, the appellee, Warren Brothers Roads Company, entered into a written contract with the State Highway Commission of Indiana, whereby said appellee undertook to build a section of State Highway No. 36 between the towns of Modoc and Moreland, to furnish all the materials therefor and do the work according to the plans and specifications on file in the office of said State Highway Commission. As required by law said appellee, Warren Brothers Roads Company, filed with its proposal a bond duly executed by itself and the appellee, United States Fidelity & Guaranty Company, as surety thereon, which bond is conditioned on the faithful performance of said contract and payment of all lawful claims of subcontractors, materialmen and laborers for labor performed and materials furnished or other services rendered in carrying forward and completing said contract. That thereupon the appellee, Warren Brothers Roads Company, entered into a contract with Mid-West Rock Products Corporation and one Fred Stewart wherein the said Stewart and Mid-West Rock Products Corporation agreed to furnish all the crushed stone needed for the job and transport the same to various points along State Highway No. 36 as the work thereon progressed. That at the special instance and request of said Mid-West Products Corporation and Fred Stewart the appellant furnished a truck and performed the labor involved in the transportation of 7,093 tons of crushed stone from a quarry operated by Mid-West at Ridgeville, Indiana, to various points along the route of said Highway No. 36, as such points were designated from time to time by the appellee, Warren Brothers Roads Company. That as said stone was so delivered by appellant he spread the same upon the roadbed at the direction and request of said appellee and that his

services so performed were of material assistance in carrying forward and completing the prime contract as guaranteed by said bond above described. That, for the use of his truck and services in the transportation and delivery of 7,093 tons of crushed stone at 60 cents per ton, there is now due and owing the appellant the sum of $425.58. That within 60 days from the delivery of the last load of said stone the appellant filed a claim with the State Highway Commission against the appellees for the unpaid account so due him but the same was disallowed and still remains due and unpaid. That by reason of the refusal of the appellees to pay such claim they have breached the conditions and terms of said bond to the appellant's damage in the sum of $750.

The demurrer to this amended complaint, which we will hereafter call the complaint, is for want of facts constituting a cause of action and by memorandum it is charged that said complaint shows on its face that the services rendered by the appellant and for which recovery is sought were not rendered to the appellee, Warren Brothers Roads Company, or any of its subcontractors but on the contrary it affirmatively appears that such services were rendered to Mid-West Rock Products Corporation and Fred Stewart who were not subcontractors but materialmen only, and, whatever liability there is in the premises, it is the liability of said Mid-West and Stewart and not that of the appellees.

The major question thus presented is this: Has the appellant pleaded facts that bring him within any of the classes of individuals protected by the terms of the appellees' bond upon which his actions rests? § 36-112, Burns' 1933 (Supp.), § 8651, Baldwin's Supp. 1934, requires that any person proposing to enter into a contract with the State Highway Commission for the construction of a road shall submit,

with his proposal, a bond "conditioned upon the faithful performance of the work, in accordance with the profile, plans and specifications therein set forth, and conditioned also upon the payment by the contractor and by all subcontractors for all labor performed or materials furnished or other services rendered in the construction of the highway." The bond sued upon is so conditioned except that it protects payment for "other services rendered in carrying forward, performing and completing said contract" instead of "other services rendered in the construction of the highway." The provisions of the statute must be read into the bond as though actually there, *Ohio Oil Co.* v. *Fidelity & Deposit Co.* (1942), 112 Ind. App. 452, 459, 42 N. E. (2d) 406, and we mention the above variance only because the appellant suggests that an assurance of payment for all services rendered in carrying the construction contract through to completion is broader than one of payment for services rendered in the construction of the highway and that thereby the appellees undertook an obligation in excess of the statutory requirements and are bound thereby. To us this variance is one of language and not of substance and therefore it becomes unnecessary to decide the legal effect of a bond which is more comprehensive than required by the statute in compliance with which it is executed. Furthermore, the statute itself prescribes the form of bond required and the bond in suit is a verbatim compliance therewith and must be regarded purely as a statutory bond neither narrower nor broader than the statute requires.

The appellant contends that the services he performed, as set out in his complaint, were clearly rendered in "carrying forward, performing and complet-

ing said contract" and therefore he has brought himself within a class of persons protected by the bond.

On the other hand, the appellees insist that the test to be applied in determining the right of a party, such as the appellant, to have recourse to the prime contractor's bond for the payment of his account is one of privity of contract between him and such contractor or subcontractors and that the phrase "other services rendered in the carrying forward" of the contract refers and is strictly limited to such services as may be performed by those in privity with the prime contractor or a subcontractor, but which services, however, cannot be classified as labor or the furnishing of materials. The appellant's complaint, the appellees contend, shows that he is neither a materialman nor in privity with the prime contractor or a subcontractor and, therefore, is beyond the protection of the bond upon which he sues.

It is clear that the bond in suit is intended to insure the payment of all just claims of three classes of individuals: (1) subcontractors, (2) materialmen, and (3) laborers. Any claimant properly classified in any one of these three groups may look to the bond for payment if his claim is for labor performed, materials furnished, or other services rendered, in the carrying forward, performing and completing of the contract to secure the faithful performance of which the bond is executed. The cases in Indiana construing this exact type of bond are not numerous and we believe we have examined all of them. See *Title Guaranty, etc., Co.* v. *State, ex rel.* (1916), 61 Ind. App. 268, 109 N. E. 237; *Federal Paving Co.* v. *Raschka* (1925), 82 Ind. App. 416, 141 N. E. 644; *Mid. W. Roads Co.* v. *Gradmount Haulage Co.* (1937), 103 Ind. App. 297, 7 N. E. (2d) 528; *Republic Creosoting* v. *Foulkes Cont. Co.* (1937), 103 Ind. App. 457, 8 N. E. (2d)

416; *Ohio Oil Co.* v. *Fidelity & Deposit Co., supra;*
*George T. Miller Con. Co.* v. *Standard Oil Co.* (1933),
205 Ind. 509, 185 N. E. 639, 91 A.L.R. 1025. We find
no decision of either this or the Supreme Court that
determines liability on the basis of privity of contract
between the claimant and the prime contractor or any
of his subcontractors. The fact remains, however, that
in each of such decisions a situation was involved
where privity of contract existed except in *Republic
Creosoting* v. *Foulkes Cont. Co., supra.* In that case the
appellee and claimant was a submaterialman who had
sold materials to another who in turn furnished them,
under contract, to a subcontractor of the appellant.
The materials involved actually went into and became
a part of the road and the subcontractor paid the ma-
terialman from whom he purchased them in full. Such
materialman failed, however, to pay the appellee who
brought suit on the prime contractor's bond which was
identical with that here involved. The appellee recov-
ered but this court reversed the judgment with this
comment: "The bond is required by the statute so that
those furnishing material to a contractor or subcon-
tractor may receive payment for such material. It can-
not be inferred from anything in the statute that when
material used in such improvement is paid for in full by
the subcontractor that one who has sold the material
to the one from whom the subcontractor purchased it,
that the bond was ever intended to cover such a situa-
tion." It is not clear whether this holding was prompted
by the lack of privity between the sub-materialman
and the prime contractor or his subcontractor or by
the fact that the subcontractor had paid the material-
man from whom he purchased the materials. We hesi-
tate to consider this decision as controlling the present
controversy because here we have no facts indicating

that the appellee, Warren Brothers Roads Company, had paid the materialman who stood between it and the appellant.

There is much to be said for the doctrine of privity of contract as determining liability on a prime contractor's bond and such has been the test applied in many jurisdictions. In Missouri the rule has been announced as follows: "It is beyond question that the surety of a contractor is only liable to those who have done work or furnished material, by contract, under the original contract; that the liability of the surety extends only to those in privity by contract with the original contractor. While the privity of contract is necessary it need not be directly with the original contract but it must spring out of it. . . . Those are in privity of contract with the original contractor who do labor and furnish material for the subcontractor under the original contract, provided that labor and material fall within the original contract." *Board of Education* v. *Fidelity & Guaranty Co.* (1912), 166 Mo. App. 410, 422, 149 S. W. 46, 49.

"But it is at this point that privity of contract ends, and one who supplies material to a materialman, who in turn supplies the subcontractor, is to be relegated to the status of a stranger to the original contract, since such person's contract or undertaking is neither with the principal contractor, nor with one who, as in the case of a subcontractor, deals directly with the principal contractor. Such person's contract is therefore but indirect and collateral to the original contract, and for want of privity does not serve to bring such party within the purview of the principal contractor's bond." *City of St. Louis* v. *Kaplan-McGowan Co.* (1937), 233 Mo. App. 789, 108 S. W. (2d) 987.

The reasoning underlying the privity rule is forcibly

expressed by the United States Supreme Court in the case of *MacEvoy* v. *United States* (1944), 88 L. Ed. 795, wherein the court said: "Congress cannot be presumed, in the absence of express statutory language, to have intended to impose liability on the payment bond in situations where it is difficult or impossible for the prime contractor to protect himself. The relatively few subcontractors who perform part of the original contract represent in a sense the prime contractor and are well known to him. It is easy for the prime contractor to secure himself against loss by requiring the subcontractors to give security by bond, or otherwise, for the payment of those who contract directly with the subcontractors. *United States use of Hill* v. *American Surety Co., supra,* (200 U. S. 204, 50 L. Ed. 441, 26 S. Ct. 168) ; *Mankin* v. *United States, supra,* (215 U. S. 540, 54 L. Ed. 315, 30 S. Ct. 174). But this method of protection is generally inadequate to cope with remote and undeterminable liabilities incurred by an ordinary materialman, who may be a manufacturer, a wholesaler or a retailer. . . . To impose unlimited liability under the payment bond to those sub-materialmen and laborers is to create a precarious and perilous risk on the prime contractor and his surety."

In Indiana, however, our courts are committed to the doctrine that bonds of the type in suit are contracts made for the benefit of certain classes of unnamed third persons and the fact that no privity of contract exists between such beneficiaries and the contractor seems to be immaterial. *Nash Engineering Co.* v. *Marcy Realty Corp.* (1944), 222 Ind. 396, 54 N. E. (2d) 263; *Knight & Jillson Co.* v. *Castle* (1909), 172 Ind. 97, 87 N. E. 976, 27 L.R.A. (NS) 573; *Ochs* v. *M. J. Carnahan Co.* (1908), 42 Ind. App. 157,

76 N. E. 788, 80 N. E. 163; 9 Am. Jr. Building and Construction Contracts, § 94 et seq. See also Note 77 A.L.R. 35, 27 L.R.A. (NS) 595, 596. If one brings himself within a class of persons for whose benefit the bond was executed he may seek his remedy against such bond. Difficulty frequently arises, as it has here, in determining whether a claimant is such a beneficiary. The test to be applied in the solution of this question is announced in *Title Guaranty, etc., Co.* v. *State, ex rel., supra,* as follows: "The purpose as expressed by the bond is to secure the payment of debts incurred in the prosecution of the work. Among such debts are those growing out of labor performed and material furnished. But if there are other debts, regardless of their nature or origin, that sustain such an intimate, immediate and exclusive relation to the building of the road that it may be said that such debts were incurred in the prosecution of that work, they too are covered by the provisions of the bond literally interpreted."

In the case before us the appellee, Warren Brothers Roads Company, was the prime contractor. It bought crushed stone, for use in the construction of the road, from Mid-West Rock Products Corporation and Fred Stewart who were materialmen engaged in the business of quarrying and selling crushed stone. Their contract with said appellee called for delivery of such stone to the construction site and they employed the appellant to perform that service and he did so in the discharge of such contract of employment.

We do not believe the doctrine announced in *Title Guaranty, etc., Co.* v. *State, ex rel., supra,* can be extended to include services rendered by the employee of a materialman in the discharge of the duties of such employment under the facts set out in the complaint

in this case. Such services were rendered for the principal purpose of discharging his own contract of employment rather than that of the prime contractor and do not bear such "intimate, immediate and exclusive relation to the building of the road" that the obligation to pay for them is a debt "incurred in the prosecution of that work."

We have in mind the words of Justice Storey in *Miller* v. *Stewart* (1824), 22 U. S. 680, 9 Wheat. 680, 6 L. Ed. 189: "Nothing can be clearer, both upon principle and authority, than the doctrine, that the liability of a surety is not to be extended, by implication, beyond the terms of his contract. To the extent, and in the manner, and under the circumstances, pointed out in his obligation, he is bound, and no further . . . ." As it is only by implication that we can extend the liability of the appellees to the employee of a materialman under the facts pleaded in the appellant's complaint, we are forced to the conclusion that the demurrer thereto was correctly sustained.

What we have said should dispose of this appeal and would do so except for the appellant's contention that his complaint is rescued from the demurrer by an allegation to the effect that after he had hauled the stone to the road site in discharge of his employment with the materialman he spread it upon the roadbed at the special instance and request of the appellee, Warren Brothers Roads Company. He insists that thereby he became a laborer employed by the prime contractor and engaged in the actual construction of the highway. If that were the theory of his complaint and if he were seeking to recover for such services alone, either upon a *quantum meruit* basis or an agreed sum, clearly he would be entitled to the relief sought. But we cannot so construe the complaint. The theory of

a complaint is determined by its leading and salient allegations and its general scope, not fragmentary allegations, gives it character. *Armstrong* v. *Illinois Bankers Life Ass'n.* (1940), 217 Ind. 601, 29 N. E. (2d) 415, 29 N. E. (2d) 953; *Daly* v. *Showers* (1937), 104 Ind. App. 480, 8 N. E. (2d) 139. The appellant's complaint herein is planted squarely upon the proposition that he hauled 7,093 tons of crushed stone from Ridgeville, Indiana, to the road site in Randolph and Henry Counties, for which he is entitled to recover payment at the rate of 60 cents per ton. The general scope of the complaint indicates that it is for such services he seeks to recover and we must regard the allegation that he spread the stone upon the roadbed at the special instance of the appellee, Warren Brothers Roads Company, as fragmentary and in no sense a badge characterizing the theory of the complaint.

Judgment affirmed.

NOTE.—Reported in 59 N. E. (2d) 912.