THE GREENFIELD LUMBER AND ICE COMPANY *v.*
PARKER ET AL.

[No. 19,983.    Filed December 18, 1902.]

BONDS.—*Contracts for Construction of Schoolhouse.—Liability for Material Furnished.*—An agreement on the part of a contractor to provide material and labor, and construct a schoolhouse at his own cost, and that the school township should not be answerable or accountable therefor, is not the equivalent of a promise to pay the debts contracted for such purpose; and an action can not be maintained by a material man, on a bond given to secure the performance of such contract, for material furnished the contractor, and used in the construction of such building.

From Hancock Circuit Court; *J. E. McCullough*, Special Judge.

Action by the Greenfield Lumber and Ice Company against Clint Parker and others on a bond given to secure the performance of a contract to construct a schoolhouse. From a judgment for defendants, plaintiff appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*Ephraim Marsh* and *W. W. Cook*, for appellant.

*C. G. Offutt, W. H. Martin, E. J. Binford* and *J. P. Walker,* for appellees.

MONKS, J. — This action was brought by appellant against appellees on a bond executed by appellee Clint Parker as principal, and his co-appellees as sureties, to secure the performance of a written contract of said Parker with Center school township, Hancock county, Indiana, for the construction, by said Parker, of a schoolhouse for said township. The purpose of the action was to recover judgment for material alleged to have been sold and delivered by appellant to said contactor for and used in the construc-

tion of said building. The said bond and contract were made a part of the complaint. It was alleged in the complaint that the schoolhouse was completed by said Parker, and that he had been paid in full therefor by the school township. The sureties on said bond filed a demurrer to the complaint for want of facts, and the same was sustained by the court. Appellant refusing to plead further, judgment was rendered in favor of said sureties. The errors assigned call in question the action of the court in sustaining said demurrer.

The particular clauses of the contract relied upon by appellant are the second and seventh, which are as follows: "(2) The contractor, at his own proper cost and charges, is to provide all manner of labor, materials, apparatus, scaffolding, utensils, and cartage of every description needful for the performance of the several works." "(7) The proprietor will not, in any manner, be answerable or accountable for any loss or damage that shall or may happen to said works, or any part or parts thereof, respectively, or for any materials or other things used and employed in finishing and completing the said works."

The bond provides that if the said Parker "shall duly perform said contract, and fulfill all the several stipulations provided therein, this obligation shall be void, but, if otherwise, to remain in full force and effect."

In determining the question presented, it is proper to keep in mind that sureties are favorites of the law, and are not bound beyond the strict terms of the engagement; that their liability is not to be extended by implication beyond the terms of their contract, which contract is said to be *strictissimi juris*. *City of Lafayette* v. *James*, 92 Ind. 240, 243, 244, 47 Am. Rep. 140, and cases cited; *Weed Sewing Machine Co.* v. *Winchel*, 107 Ind. 260; *Weir Plow Co.* v. *Walmsley*, 110 Ind. 242, 246; *Graeter* v. *DeWolf*, 112 Ind. 1, 2; *Hart* v. *State, ex rel.*, 120 Ind. 83, 86; *State*

v. *Flynn,* 157 Ind. 52, 55; *Dunlap* v. *Eden,* 15 Ind. App. 575, and cases cited.

There is no agreement in either the contract or the bond to pay appellant, or any other person, for material furnished or used in the construction of said schoolhouse. Under the rule above stated it is clear that unless the sureties agreed to be bound for debts due persons for furnishing material, there is no legal reason why they should be held liable in this action. *Hart* v. *State, ex rel., supra.*

The agreement on the part of the contractor to provide the material and labor and construct said schoolhouse at his own cost, and that the school township should not be answerable or accountable therefor, is not the equivalent of a promise to pay the debts contracted for such purpose. Whenever the same were provided by the contractor without making the school township "answerable or accountable" therefor, said stipulation was complied with, whether the contractor paid cash therefor or obtained the same on credit.

In *Hart* v. *State, ex rel., supra,* one Hays was awarded a contract for the construction of a free gravel road. He entered into a written contract with the engineer and superintendent of the road for the construction of certain sections of said gravel road, and executed his bond with his co-appellants as sureties. The condition of the bond was that Hays should construct the road according to the provisions of the contract. The action was by the assignee of claims for labor performed and material furnished in the construction of said road. It was averred in the complaint that it was intended that the bond should be conditioned for the payment of debts incurred by the contractor, or to persons furnishing labor and material in the construction of the road, but that by mistake of the scrivener who prepared the bond the condition for the payment of such claims was omitted. There was a prayer for the reformation of the bond by the addition of that condition. This court held

that the evidence was not sufficient to authorize the reformation of the bond, and that the sureties were not liable for the claims sued upon, in the absence of an agreement that they were to be bound for the payment of said debts. The court said, at page 86: "As the instrument is written it simply obligates the sureties of the contractor to answer for his failure in his undertaking to construct and complete the sections of the road designated 'according to the provisions of the contract entered into with the engineer and superintendent.' We can not perceive any legal reason upon which the obligors can be held in this action without evidence that they agreed to be bound for debts due persons performing labor and furnishing material."

It is evident that appellant is not entitled to the benefit of the contract and bond, because not within the terms thereof. The failure of Parker, the contractor, to pay the claims sued upon, was not, therefore, a breach of said contract and bond.

In all the cases cited by appellant there was either in the bond or contract secured thereby a provision that the contractor would pay for the labor and material, or in such language that the same could only be complied with by paying for such labor and material; and whenever said provision was in the contract, and not in the bond, the bond, in express terms, secured the performance of the same. Such cases have, therefore, no application here.

Judgment affirmed.