STAPLES-HILDEBRAND Co. *v.* METAL CONCRETE CHIMNEY Co. ET AL.

[No. 9,046. Filed May 22, 1916. Rehearing denied June 29, 1916.]

MUNICIPAL CORPORATIONS.—*Contractor's Bond to City.—Liability of Guarantor to Materialmen.*—Where a contract and bond for city work merely stipulated that the contractor was to "furnish and deliver all the material," the guarantor on the bond is not liable to a materialman for material furnished in the absence of either a provision binding the contractor to pay a materialman for labor or material, or such language used that without paying for such material the contract could not be complied with.

From St. Joseph Superior Court; *Vernon W. Van Fleet*, Judge.

Action by Staples-Hildebrand Company against the Metal Concrete Chimney Company and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

MAY TERM, 1916.        593

Staples-Hildebrand Co. *v.* Metal Concrete, etc., Co.—62 Ind. App. 592.

*Samuel Pettengill, Charles Weidler* and *Orie Parker,* for appellant.

*G. A. Farabaugh* and *Charles A. Hagerty,* for appellees.

Ibach, J.—This was an action by appellant against appellees on a bond given by appellee Metal Concrete Chimney Company, as principal, and appellee United States Fidelity and Guaranty Company, as surety, to the city of South Bend to secure the faithful performance and discharge of a contract whereby the former appellee was to construct a concrete suction well for said city. The only error assigned is the sustaining of appellees' demurrer to appellant's complaint. It appears from the complaint that appellant furnished materials used in the construction of the well for which it has not been paid, and that the appellee contractor is insolvent. The only question is whether the appellee guaranty company is liable to appellant on the bond for the price of the materials furnished for and used in the construction of the well.

By the terms of the contract with the city, appellee contractor "covenants and agrees to furnish and deliver all the material and to do and perform all the work and labor required to be furnished, done and performed in the construction, erecting and testing of Brick Concrete Suction Well"; and that it "shall indemnify and save harmless the city from all claims for labor performed and materials furnished, and shall furnish satisfactory evidence when called for, that all persons that have done work or furnished material for which the city may be liable, have been fully paid." The city is given the option, in case of abandonment or discontinuance of the work, to apply to the pay-

594          APPELLATE COURT OF INDIANA,

Staples-Hildebrand Co. *v.* Metal Concrete, etc., Co.—62 Ind. App. 592.

ment of labor any money due to the contractor for work done prior to the abandonment, and also has the right to retain from money due the contractor sufficient money to pay for any labor or material furnished in the construction of the work, provided satisfactory evidence is not furnished that all such labor and material have been paid for. The city agrees to pay the contractor the prices set forth in the bid for the contract, "as proper compensation for furnishing all material, tools, appliances, plans, labor, etc., required to construct and fully complete aforesaid work."

The bond is conditioned, "whereas, the said Metal Concrete Chimney Company * * * entered into the foregoing contract with the City of South Bend * * * for furnishing all labor and material for the construction of a brick concrete suction well. Now, therefore, if the said Metal Concrete Chimney Company shall well, properly, faithfully and honestly discharge, do and perform all and singular the obligations and things in said contract to be done and performed by the said contractor according to said contract, then said obligation shall be void."

The contract and bond must be construed together. Appellees, by their demurrer to the complaint and the specifications of the memorandum attached thereto, present the contention that there was no agreement to furnish and pay for materials and labor upon the part of the contractor so as to make the contract inure to the benefit of laborers and material men, and that the bond is for the benefit solely of the obligee, the City of South Bend, and not for the benefit of any third person or materialman.

In order to hold a surety or guarantor liable to a materialman on a bond of this character, there

must either be a provision in the contract binding the contractor to pay for labor and material, or such language used that without paying for such material the contract could not be complied with. The provision in the contract and bond that the contractor is to "furnish and deliver all the material" is not such a promise to pay for such material that the guarantor on the bond is liable to a materialman who has furnished materials to the contractor, nor is such a promise deducible from the language of the entire contract. *Greenfield Lumber, etc., Co.* v. *Parker* (1902), 159 Ind. 571, 65 N. E. 747; *Knight & Jillson Co.* v. *Castle* (1908), 172 Ind. 97, 87 N. E. 976, 27 L. R. A. (N. S.) 573; *Townsend* v. *Cleveland Fire Proofing Co.* (1897), 18 Ind. App. 568, 47 N. E. 707; *Snider* v. *Greer-Wilkinson Lumber Co.* (1912), 51 Ind. App. 348, 96 N. E. 960.

Judgment affirmed.

Note.—Reported in 112 N. E. 832.  See 28 Cyc 1041.