Jones, J.
The Northern Ohio Granite & Stone Company .is not specifically named as an obligee in the bond. However, it could maintain an action as a party in interest under our code if the terms of the bond inured to it as a beneficiary thereunder. The contract not only became a part of the bond, by the latter’s requirement that it should be faithfully performed, but was made a part of the bond *376 in the specific terms, “as if fully set forth,” therein. Among the terms of the contract required to be faithfully performed by this bond was the one that required Weiland “at his own risk, cost and expense” to do all the work and furnish all the material for the reinforced concrete floor of the viaduct.
Did this engagement between the city and the surety reasonably contemplate the promise to pay upon the part of Weiland for the labor and materials entering into the superstructure? At the threshold of this case we are confronted with the rule announced in Cleveland Metal Roofing & Ceiling Co. v. Gaspard et al., 89 Ohio St., 185. We do not deem it now necessary to enter upon a discussion of the principle there announced further than to say that we are fully in accord with that line of decisions which upholds liability upon the part of the surety for the payment of material and labor furnished under a stipulation in a bond guaranteeing the payment of claims for material and labor required in the construction of the building. Not only does the current of modern authority support this view, but it is flanked by a sound legal reason. We are utterly unable to see why in a case of such character a court should be required to adopt a construction that would nullify not only the specific provision of the bond itself but the evident intention of the parties thereto. By the terms of that bond those who furnished material and labor became beneficiaries thereunder. Nor is the principle announced in the Gaspard case in harmony with two unreported cases decided by *377 this court, viz.: Henry et al. v. Ankrim, 39 W. L. B., 78, affirmed by the supreme court without opinion, 57 Ohio St., 665, and American Surety Co. of New York v. Raeder, 15 C. C, 47, affirmed by the supreme court without opinion, 61 Ohio St., 661. We, therefore, disapprove the principle announced in the Gaspard case, supra.
The earlier rule of strictissimi juris adopted for the protection of sureties -should not apply to cases of this character. “The early adjudications in suretyship treated the contract as one of great burden to the promisor, because of the fact that it was usually entered into for accommodation merely, and -without any participation in the benefits of the principal contract.” (Stearns on Suretyships [2 ed.], Section 2.) Where contracts for improvements are entered into between an owner and a surety who receives a premium for its engagement of fidelity, terms may be employed which fairly contemplate the financial protection of subcontractors who employ labor and furnish material for the structure contemplated in the bond. That labor and materialmen may eventually perfect liens against a structure would be a sufficient consideration for immunity of the owner upon the part of the surety.
While under our statute our mechanic’s lien law may not have provided for liens on this particular structure, because of its public nature, the city, in this case, knowing that fact, may have had in contemplation the protection of mechanics and materialmen who could not obtain a valid lien upon this structure. Unlike an ordinary private surety, *378 a surety of the character here involved, which accepts money consideration, has the power to and does fix the amount of its premium so as to cover its financial responsibility. This class of surety-ships, therefore, is not regarded as “a favorite of the law.” (Bryant v. The American Bonding Co., 77 Ohio St., 90, 99.) And if the terms of the surety contract are susceptible of two constructions, that one should be adopted, if consistent with the purpose to be accomplished, which is most favorable to the beneficiary. (Supreme Council Catholic Knights v. Fidelity & Casualty Co., 63 Fed. Rep., 48, 58; American Surety Co. v. Pauly, 170 U. S., 133; Cowles v. U. S. Fidelity & Guaranty Co., 32 Wash., 120, and Mechanics’ Savings Bank & Trust Co. v. Guarantee Co., 68 Fed. Rep., 459.) Especially is this so when the contract of suretyship employs ambiguous terms relating to those furnishing labor and material which enter into the structure.
In this situation, therefore, talcing both the bond and the contract into consideration, and giving to the terms of the bond a reasonable construction, can it be said that the parties thereto contemplated the purpose of payment for the labor and material that entered into this structure? If Weiland by his contract had merely engaged to “furnish” or to “provide” materials and labor in conformity to his contract, it could reasonably be claimed that payment to the materialmen was not comprehended within such terms. But his contract provides more than that. It provides that he shall furnish those *379 materials at his own expense. There is some ambiguity in the employment of this clause. There was no necessity for the employment of these words for the protection oi:-the city, because it was already protected by another term of the bond, which provided that the city should be saved harmless from all claims and demands against it. These words must, therefore, have been used for a definite purpose. Although Weiland engaged to furnish these materials at his own cost and expense this obligation of the bond was broken, for the materials furnished were furnished at another's cost and expense. This construction of a contract of similar character was upheld in the case of Fuller & Co. v. Alturas School District et al., 28 Cal. App., 609. However, in a similar case a different construction was upheld in Greenfield Lumber & Ice Co. v. Parker et al., 159 Ind., 571.
The principle here announced is supported by the case of Lyman v. City of Lincoln et al., 38 Neb., 794. There the contract provided that receipts for claims for labor and material should be filed with the board of public works before the financial estimate was paid and work accepted. It is there held that such clause in the contract constituted a promise to pay for labor and material furnished on the contract.
The disposition of this feature of the case renders unnecessary the consideration of other alleged errors presented.
The judgment of the court of appeals reversing the judgment of the common pleas court is affirmed *380 and the case is remanded to the latter with instructions to overrule the demurrer to the second amended petition.

Judgment affirmed.

Nichols, C. J., Matthias, Johnson and Wanamaker, JJ., concur.
Merrell, ]., not participating.