National Surety Co. *v.* Rochester Bridge Co.—83 Ind. App. 195.

dence, even if erroneous, would not amount to reversible error. The same is true of the other evidence offered. There was no error in overruling the motion for a new trial.

Judgment affirmed.

___

NATIONAL SURETY COMPANY *v.* ROCHESTER BRIDGE COMPANY.

[No. 12,014. Filed February 6, 1925. Rehearing denied April 9, 1925. Transfer denied May 21, 1925.]

1. PRINCIPAL AND SURETY.—*Surety contract by surety company for hire classed as insurance contract and construed against surety if susceptible of two constructions.*—The rule of *strictissimi juris* does not apply to contracts of suretyship by a surety company for hire, but such contracts are deemed insurance contracts, and the rights of the surety are measured by the law applicable to such contracts, from which it follows that if such a contract is susceptible of two constructions, that one will be adopted which is most favorable to the insured or beneficiary, especially where the contract relates to the furnishing of labor and material which enter into the structure covered by the surety bond. p. 198.

2. PRINCIPAL AND SURETY.—*Contractors' bond, contract and specifications construed together in determining surety's liability.*—Where a building contractors' bond, by reference, made the contract a part thereof, and the contract made the plans and specifications a part thereof, all are to be construed together in determining the liability of the surety on the bond. p. 199.

3. PRINCIPAL AND SURETY.—*Building contractors' bond held to authorize recovery by materialmen.*—Where building contractors' bond was conditioned that they would "perform each and every, all and singular, the matters and things in said contract specified" and the contract, by reference, made the specifications a part thereof, in which there was a provision that the contractors should execute a bond "to pay for all labor and material for said building," the surety on the bond is liable for material furnished for the construction of said building (*Greenfield Lumber, etc., Co. v. Parker,* 159 Ind. 571, distinguished). p. 199.

From Huntington Circuit Court; *Sumner Kenner,* Judge.

Action by the Rochester Bridge Company against the National Surety Company and others. From a judgment for plaintiff, the named defendant appeals. *Affirmed.* By the second division.

*G. M. Weichelt* and *Eben Lesh,* for appellant.
*Holman, Bernetha & Miller,* for appellee.

NICHOLS, J.—Action by appellee against appellant and others who were contractors for the building of a parochial school-house in the city of Huntington, Indiana, for the value of certain building material furnished by appellee to the contractors, who were defaulted.

There were a special finding of facts and conclusions of law in favor of appellee, upon which judgment was rendered against the contractors and appellant in the sum of $1,416.87, from which judgment, after motion for new trial was overruled, this appeal.

The errors assigned and presented in this court are that the court erred in overruling appellant's demurrer to the complaint, and in stating its conclusions of law on the special finding of facts. Each of these rulings presents the question as to whether or not the surety on the contractors' bond, in the absence of any contractual provision in the bond, except as hereinafter appears, is liable to general unsecured creditors of the contractors, for their material bills. It appears by the special finding of facts, so far as here involved, that the contractors, partners under the name of Griffith Construction Company, on June 10, 1922, entered into a written contract with Sts. Peter's and Paul's church at Huntington, Indiana, to build a school-house in said city. There is no provision in this contract which requires the contractors to pay the labor and material bills except as it may be brought into the contract by reference therein to the specifications as follows: "Drawings and specifications are identified by the sig-

NOVEMBER TERM, 1924.     197

National Surety Co. *v.* Rochester Bridge Co.—83 Ind. App. 195.

natures by the parties hereto and become hereby a part of this contract."

It is provided in the specifications that: "(a) That before awarding the contract, the contractor will be required to furnish a properly signed and executed bond for the full contract price. This bond to be a surety for the perfect performance of the contract by the contractor or contractors, to pay for all labor and material for said building; the said bond to remain in full force and effect sixty-two days after the final acceptance of said building. (b) Final payment shall be withheld until the contractor has paid the subcontractors or laborers employed in such construction, all bills due and owing the same provided that such parties shall file their claims within thirty days after the completion of the work and shall be retained at least thirty-one days after the completion of the work. (e) The contractor shall follow these drawings and specifications in the true meaning, spirit and intent thereof, furnish all material, and perform all labor, in strict accordance with the quality and kind set forth in these specifications and illustrated in the drawings."

On August 12, 1922, the contractors executed the bond, with appellant as surety therein, which bond was conditioned that if the contractors should "well and truly keep and perform each and every, all and singular, the matters and things in said contract specified and shall pay over, make good and reimburse to the above named obligee, all loss and damage which said obligee may sustain by reason of failure or default on the part of said principal that this obligation shall be void otherwise to remain in full force and effect."

By virtue of said contract and the plans and specifications made a part thereof, and said bond for the fulfillment of the provision of the contract as aforesaid, appellee furnished structural steel in the gross value of

198    APPELLATE COURT OF INDIANA,

National Surety Co. *v.* Rochester Bridge Co.—83 Ind. App. 195.

$3,382.58 upon which payment in the sum of $1,965.71 was made, leaving a balance due appellee of $1,416.87 for such material, all of which was used in the construction of the school building. The bond was in full force and effect at the time of commencement of this action.

We think we should first call attention, to the fact that the rule of *strictissimi juris* so often invoked in favor of a surety has no application as applied to a surety company for hire, such as appellant in this case. Such contracts of sureties for hire are placed in the insurance class, and the rights of the surety are to be measured by the law applicable to insurance contracts. . If the terms of such surety contract are susceptible of two constructions, that one will be adopted, if consistent with the purpose to be accomplished, which is most favorable to the insured or beneficiary. It is incumbent upon the insurer, under such circumstances, to make the contract into which it enters free from ambiguity, and, failing so to do, there should be no complaint if the insurance contract, because of the ambiguity, and after due consideration, is construed favorably to the beneficiary; and this should be especially the rule when applied to those contracts which relate to the furnishing of labor and material which enter into the structure covered by the surety bond. *American Surety Co.* v. *Pangburn* (1914), 182 Ind. 116 120, 105 N. E. 769, Ann. Cas. 1916E 1126; *United States Fidelity, etc., Co.* v. *Poetker* (1913), 180 Ind. 255, 263, 102 N. E. 372, L. R. A. 1917B 984; *Title Guaranty, etc., Co.* v. *State, ex rel.* (1915), 61 Ind. App. 268, 280, 109 N. E. 237. It is in the light of this rule, if it need be invoked, that we determine the case under consideration.

The bond in suit adopted and made the contract a part thereof "as fully and to the same extent as if

copied at length" therein, and the contract
2. adopted the specifications in these words:
"Which drawings and specifications are identified by the signature of the parties hereto, and become hereby a part of this contract." Under such circumstances, the bond, the contract and the specifications are to be construed together. *Closson* v. *Billman* (1904), 161 Ind. 610, 614, 69 N. E. 449.

The bond is conditioned for the furnishing of all labor and material required in the erection and completion of the building as more fully set out in
3. the contract, and the contract, with its adoption of the specifications and making the same a part thereof, expressly provides for the payment of all labor and material for said building. So reading these instruments together, it is clear that there was a right of recovery in appellee against appellant for the material in the construction of the building. Appellant has cited the case of *Greenfield Lumber, etc., Co.* v. *Parker* (1902), 159 Ind. 571 as sustaining its contention, but that authority is clearly distinguished from the instant case, in fact, the closing paragraph of the opinion distinguishes the case from cases of the class to which the instant case belongs. The court there says: "In all the cases cited by appellant there was either in the bond or contract secured thereby a provision that the contractor would pay for the labor and material, or in such language that the same could only be complied with by paying for such labor and material; and whenever said provision was in the contract, and not in the bond, the bond, in express terms, secured the performance of the same. Such cases have, therefore, no application here." Since that case, *Knight & Jillson Co.* v. *Castle* (1909), 172 Ind. 97, has been written in harmony with the cases from which it was distinguished. In that case, the bond was conditioned that

the principals should faithfully perform the contract on their part according to the terms and conditions thereof, and the contract provided that the principals should pay for all labor and material used in the work, and it was there held that appellants having furnished material to the contractor which was used in the building and for which there had been no payment, appellants could recover therefor on the bond. The questions here involved are so well considered in that case that we deem it unnecessary to further discuss them in this case. Other authorities to the same effect are: *Closson* v. *Billman, supra; Brown* v. *Markland* (1899), 22 Ind. App. 652, 654, 53 N. E. 295.

Judgment affirmed.