Cheshire,  }
May 3, 1932. }

HARRY F. MASON *v.* PORTLAND CONSTRUCTION CO. *& a.*

*Doyle & Doyle (Mr. Paul J. Doyle* orally), for the plaintiff.

*Demond, Woodworth, Sulloway & Rogers (Mr. Jonathan Piper* orally), for the Maryland Casualty company.

MARBLE, J. The bond in question was conditioned upon performance by the Portland Construction company of the terms of the contract between that company and the city of Keene. The specifications which accompanied the advertisement for bids were made a part of the contract, and in the specifications the word "surety" is defined

as the corporate body which engages to be responsible for the contractor's "payment of all debts pertaining to and for his acceptable performance of the work for which he has contracted."

In the contract itself the construction company agrees "to furnish and deliver all the materials and to do and perform all the work and labor" necessary to complete its undertaking. But this is not the equivalent of a promise to pay sub-contractors. *Babcock & Wilcox* v. *Company*, 236 Fed. Rep. 340, 342. And such a promise is necessary before the casualty company can be held. ". . . the liability of the surety company depends upon the terms of its bond, which do not cover liability for labor, material and supplies used by contractors in the street improvement provided for in the contract with the city. The bond refers to the contract with the city, but the contract contains no promise to pay for material and labor used under the contract." *Ocala* v. *Company*, 99 Fla. 736, 743, 744.

"The provision in the contract and bond that the contractor is to 'furnish and deliver all the material' is not such a promise to pay for such material that the guarantor on the bond is liable to a materialman who has furnished materials to the contractor." *Staples-Hilderbrand Co.* v. *Company*, 62 Ind. App. 592, 594, 595. If by virtue of the specifications the city could have required such a promise, the fact remains that it did not do so. "Whether this was left out by mistake" or because the city "regarded it as something in which it had no substantial interest" does not appear; it "is sufficient that it was left out and that this action is brought upon the undertaking as it stands." *Argyle* v. *Plunkett*, 226 N. Y. 306, 310.

According to the specifications the form of the "contract bond required" was to be that provided by the city. If the city saw fit to provide a bond which failed to secure a benefit for third parties, the plaintiff, who is not a party to the contract, cannot complain. *Electric Appliance Co.* v. *Company*, 110 Wis. 434, 439.

In the case of *Toner* v. *Long*, 79 N. H. 458, on which the plaintiff relies, the surety expressly guaranteed not only the performance of the contract but the payment by the contractor of all labor employed.

*Bill dismissed.*

All concurred.