Edward L. BEGHAN, Appellant,

v.

STATE of Indiana, Appellee.

No. 378S52.

Supreme Court of Indiana.

May 24, 1979.

Edward C. Hilgendorf, South Bend, for appellant.

Theo. L. Sendak, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant, Edward L. Beghan, was charged by information in two counts with first degree murder, Ind.Code § 35–13–4–1 (since repealed) in the shotgun slaying of Adrian C. Beghan and Ethel M. Beghan, his father and step-mother. Upon pleas of not guilty and insanity, appellant was tried by jury, found guilty as charged and sentenced to life imprisonment.

On appeal he raises two issues: (1) whether the State's evidence of sanity was sufficient to support the verdict; and (2) whether there was sufficient evidence of the element of premeditation required to sustain the verdict.

On the evening of December 20, 1976, Charles Lewis, step-brother of appellant, discovered the bodies of Adrian and Ethel Beghan, in their residence in South Bend. Both had died of shots fired from Mr. Beghan's Ithaca pump shotgun. The woman's body was on the dining room floor with feathers scattered about it. A couple of pillows with a rope tied about them were on the adjoining living room floor. The man's body was located in a bedroom. On December 26, 1976, appellant, age 32, was arrested in Michigan in possession of the murder weapon and his father's pickup truck. He made a full written statement strongly supporting the inference that he shot and killed both persons. According to the statement, appellant, on Sunday morning, December 19, 1976, took the shotgun down from a wall rack in the victims' home and removed a cleaning rod from the barrel. He then loaded it, procured some rope from a dresser drawer in a bedroom, and tied pillows around the end of it. According to the statement, the next thing he knew both victims were on the floor.

■ Appellant argues that the evidence of sanity is insufficient. This claim is treated on appeal as any other insufficiency claim. *Sypniewski v. State,* (1977) Ind., 368 N.E.2d 1359. In reviewing it we will not weigh the evidence nor resolve questions of credibility of witnesses, but will look to that evidence and reasonable inferences therefrom which support the verdict of the jury. *Asher v. State,* (1969) 253 Ind. 25, 244 N.E.2d 89. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which the trier of fact could reasonably infer appellant's sanity beyond a reasonable doubt. *Smith v. State,* (1970) 254 Ind. 401, 260 N.E.2d 558; *Johnson v. State,* (1970) 255 Ind. 324, 264 N.E.2d 57. According to *Hill v. State,* (1969) 252 Ind. 601, 251 N.E.2d 429, quoting from

*United States v. Shapiro,* (7th Cir. 1967) 383 F.2d 680:

" 'A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacks substantial capacity either to *appreciate* the wrongfulness of his conduct or to conform his conduct to the requirements of ·law.' " (Original emphasis.) 252 Ind. at 614, 251 N.E.2d at 436.

■ There was direct testimony by Dr. Staunton that in his opinion appellant was not insane at the time of the crime. Dr. Hogle testified that he held a like opinion. Further testimony established that appellant had held several jobs, drove an automobile, had been married and was separated from his wife, and had strong feelings about his child and having visitation with the child. From this evidence the jury could reasonably have found him sane.

■ Appellant next contends that there was a lack of evidence of the element of premeditation. It is necessary to a conviction for first degree murder that appellant kill with premeditated malice.

"In order that there may be such premeditated malice as will make a killing murder in the first degree, the thought of taking life must have been consciously conceived in the mind, the conception must have been meditated upon, and a deliberate determination formed to do the act. Where the homicide has been preceded by a concurrence of will, with an intention to kill, and these are followed by deliberate thought or premeditation, although they follow as instantaneous as successive thoughts can follow each other, the perpetrator may be guilty of murder in the first degree." *Everett v. State,* (1935) 208 Ind. 145, 149–150, 195 N.E. 77, 79.

In this argument appellant places weight upon the testimony of two of the physician witnesses that appellant was emotionally disabled and capable of profoundly impulsive acts and that he had a diminished capacity to formulate plans for future conduct and to carry out those plans. If, indeed, appellant did not have the capacity to

deliberate and premeditate, he cannot be guilty of first degree murder. *Aszman v. State,* (1890) 123 Ind. 347, 24 N.E. 123. In relation to this point, Dr. Sheehan, a witness for the defense, testified that he held the opinion that appellant was unable to act on a preconceived plan, that he was a poor planner, and had acted from impulse in killing his father and step-mother. The jury was, of course, entrusted with the authority to accept or reject such testimony. *Maxey v. State,* (1976) 265 Ind. 244, 353 N.E.2d 457. The opinion of Dr. Sheehan was not uncontradicted. It was opposed by the opinion given by Dr. Staunton that appellant had "an average, or a little sub-average ability to plan", and also by the inferences to be drawn from the physical facts surrounding the crime. From those facts the jury might reasonably have inferred that appellant formed the design in his mind to kill the victims prior to taking the shotgun from the rack; and that he retained such design while removing the cleaning rod from the barrel, procuring the shells with which to load the gun, loading the gun, tying the pillows on the gun barrel to muffle the sound thereby preventing the shots from being heard outside the home, and thereafter pointing the weapon at the victims one after the other and shooting them. There was evidence from which the trier of fact could reasonably infer to the requisite certainty that appellant had the capacity to and did kill these victims with premeditated malice.

The convictions are affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.