## CROW & CROW, INC. v. ST. PAUL-MERCURY INDEMNITY COMPANY AND ANOTHER.

77 N. W. (2d) 429.

June 1, 1956—No. 36,828.

*Lucius A. Smith,* for appellant.
*Warren D. Chamberlain,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the district court granting a motion of the defendant St. Paul-Mercury Indemnity Company to dismiss the action against it and for summary judgment.

The record discloses that on April 7, 1954, Farmer & Son, Inc., a contractor, entered into a contract with the Church of the Good Shepherd, Faribault, Minnesota, for the purpose of remodeling a building known as the Guild House. Farmer & Son, Inc., had made a proposal to the church pursuant to its invitation for bids. This was Exhibit A and as far as pertinent to this case contained the following provisions:

"* * * the undersigned bidder hereby agrees to furnish all materials and to perform all work for the completion of All alterations and improvements * * *."

Certain exceptions followed which are not herein material. The proposal also contained a provision that the bidder further agreed:

"To furnish, in addition to other insurance, a satisfactory performance bond for the faithful performance of this contract."

This proposal was then accepted and the contract above referred to entered into by the parties. The following are provisions from the contract that we are concerned with in this case:

"1. Contract Documents—That the following sections shall constitute integral parts of this agreement as fully as if hereto attached or herein repeated, the whole to be collectively known and referred to as the Contract:

"Section A—Proposal

"Section B—Agreement

"Section C—Plans and Specifications

"2. Scope of Work—That the contractor shall furnish all materials and perform all work for all alterations and improvements, * * *.

\* \* \* \* \*

"7. * * * Before issuance of the final certificate the contractor shall submit evidence satisfactory to the owner or his authorized representative that all payrolls, material bills, and other indebtedness connected with the work have been paid."

Pursuant to the contract Farmer & Son, Inc., entered into an agreement with the defendant St. Paul-Mercury Indemnity Company on the 26th of April, 1954. This agreement states that Farmer & Son, Inc., and the St. Paul-Mercury Indemnity Company are held and firmly bound unto the Church of the Good Shepherd, Faribault, Minnesota, as obligee in the sum of $26,324 "for the payment whereof well and truly to be made, the Principal and the Surety bind themselves." This agreement also contains the following:

"Whereas the Principal and the Obligee have entered into a written contract, a copy of which is or may be attached hereto, dated the 26 day of April 1954, for

"Remodeling basement of Guild House,

"Faribault, Minnesota

"Now, Therefore, the condition of the foregoing obligation is such that if the Principal shall indemnify the Obligee for all loss that the Obligee may sustain by reason of the Principal's failure to comply with any of the terms of said contract, then the obligation shall be void; otherwise it shall remain in force."

The plaintiff, Crow & Crow, Inc., alleges in its complaint that between May 21, 1954, and October 27, 1954, they furnished certain supplies and materials, to wit: Ready-mixed concrete in the total amount of $1,251.02, but that defendant Farmer & Son, Inc., has failed to make payment for this concrete. It appears from an affidavit made by the attorney for defendant St. Paul-Mercury Indemnity Company that the defendant Farmer & Son, Inc., filed a petition to be adjudged bankrupt in March 1955. It is admitted by the plaintiff in this action that they did not file a lien against the premises for the amount of the material furnished by them.

The trial court in its memorandum stated that it granted the defendant St. Paul-Mercury Indemnity Company's motion on the ground that the complaint failed to state a claim against them. After analyzing our definition of a third-party creditor beneficiary as set forth in Northern Nat. Bank v. Northern Minnesota Nat. Bank, 244 Minn. 202, 70 N. W. (2d) 118, the court stated that it could not agree with the plaintiff that it was such a third-party creditor beneficiary, thus dismissing the action on the ground that the plaintiff had no claim against the defendant St. Paul-Mercury Indemnity Company under its bonding contract.

On appeal to this court plaintiff assigns as error the court's granting of the motion of defendant St. Paul-Mercury Indemnity Company to dismiss the action.

A third-party beneficiary is one to whom the promisee owes or is believed to owe a duty which is discharged by the promisor's

performance, and the contractual right the third-party beneficiary acquires is to enforce a promise made for his benefit which he otherwise would not be able to enforce. Northern Nat. Bank v. Northern Minnesota Nat. Bank, *supra.* It is therefore clear that in order for the plaintiff, Crow & Crow, Inc., in this case to maintain an action against the defendant St. Paul-Mercury Indemnity Company the latter must have made a promise to pay the plaintiff. A reading of the contract as set out above shows that there is no express promise made by the defendant St. Paul-Mercury Indemnity Company to pay the plaintiff nor does the plaintiff take such a position. However, they do take the position that the proposal and the contract between the Church and defendant Farmer & Son, Inc., were incorporated into the contract between defendant Farmer & Son, Inc., and defendant St. Paul-Mercury Indemnity Company.

Plaintiff argues from this assumption that because the contracts are so incorporated they must be read together and when so read a promise may be reasonably implied by the defendant St. Paul-Mercury Indemnity Company to pay materialmen. We deem it unnecessary to pass on the issue of whether the particular wording of the bond contract makes the proposal and building contract a part thereof inasmuch as it is our opinion that even when so read a promise may not be reasonably implied on the part of the defendant St. Paul-Mercury Indemnity Company to pay laborers and materialmen.

In support of its position the plaintiff cites the following cases: Hollerman Mfg. Co. Inc. v. Standard Acc. Ins. Co. 61 N. D. 637, 239 N. W. 741; Hartford Acc. & Ind. Co. v. Board of Education (4 Cir.) 15 F. (2d) 317; National Surety Co. v. Rochester Bridge Co. 83 Ind. App. 195, 146 N. E. 415; Daughtry v. Maryland Cas. Co. (4 Cir.) 48 F. (2d) 786. An examination of these cases reveals that they all involve a situation where the building contract is incorporated into the contract between the contractor and surety company, and the building contract *specifically required a bond conditioned to pay laborers and materialmen.* Thus in those cases materialmen were allowed to maintain an action directly against the surety. We agree

with the holding in those cases. However, the case at bar does not involve an analogous situation in that here the building contract merely required "a satisfactory performance bond for the faithful performance of this contract" and did not specifically require a bond conditioned to pay laborers and materialmen.

In addition to the above cases the plaintiff also cites Algonite Stone Mfg. Co. v. Fidelity & Deposit Co. 100 Kan. 28, 163 P. 1076, L. R. A. 1917D, 722. That case involved a building contract and bond very similar to the one in the case at bar. It might also be noted that it too involved work to be done upon a church. It was held in that case that the materialmen could sue the surety company directly. Indicative of the court's holding is the following statement from that opinion (100 Kan. 31, 163 P. 1078):

"* * * It is fair to assume that the organization had no intention of securing a building to be used for religious worship upon which claims for labor or material might remain unpaid."

In a comment upon that case in Annotation, 77 A. L. R. 21, 30, it is stated:

"* * * It may be argued, however, that, while the high degree of fairness and altruism imputed to men and associations of men by the court is an altogether desirable one, and highly commendable from an ethical standpoint, it has very little in common with the motives and desires which actuate the ordinary man in his dealings with his fellow man. In other words, while the standard to which this court would hold the owner might be useful in determining what would be most commendable, as a matter of abstract ethics, it has little connection with the motives and intentions actually entertained by any particular owner."

We agree with this comment in A. L. R. We feel that the contract and the pertinent provisions quoted above would require us in effect to rewrite or add a provision in order to find that the contract between the Church of the Good Shepherd and Farmer & Son, Inc.,

required a bond conditioned to pay laborers and materialmen.[1] Thus it is our opinion that reasonable persons could not find that defendant St. Paul-Mercury Indemnity Company impliedly promised to pay laborers and materialmen[2] in the instant case.

Affirmed.

[1]For an extensive discussion of this whole subject, see Annotation entitled Contractor's Bond—Laborers or Materialmen, 77 A. L. R. 21. See, also, Maryland Cas. Co. v. Johnson (W. D. Mich.) 15 F. (2d) 253, 255, where the court stated: "To conclude that the clause providing for payment of labor and materials was inserted in the bond here in question for protection of third parties is to indulge an unwarranted confidence in the altruistic motives of those engaged in construction work."

[2]M. S. A. 574.26, providing for contractors' bonds to be furnished the state or other municipal corporation, provides in part that the contractor furnish a bond conditioned for the payment as they become due of all just claims for work, tools, machines, skill, materials, insurance premiums, equipment, and supplies for the completion of the contract in accordance with its terms, for saving the obligee harmless from all costs and charges that may accrue on account of the doing of the work specified. The distinction between that language and the language of the contract in the instant case is obvious because here there is no express requirement in the building contract to furnish such a bond as referred to in the statute above.